

# United States Tax Court
Washington, DC 20217

LEWIS ARNOLD RICE,

        Petitioner

        v.

COMMISSIONER OF INTERNAL
REVENUE,

        Respondent

Docket No. 6385-21

## ORDER OF SERVICE OF TRANSCRIPT

Pursuant to Rule 152(b), Tax Court Rules of Practice and Procedure, it is

ORDERED that the Clerk of the Court shall transmit with this order to petitioners and the Commissioner a copy of the pages of the transcript of the trial in this case before Judge Joseph W. Nega, at the Birmingham, Alabama, remote session, containing his oral findings of fact and opinion rendered at the remote trial session at which the case was heard.

In accordance with the oral findings of fact and opinion, an appropriate decision will be entered.

**(Signed) Joseph W. Nega**
**Judge**

**Served 05/11/22**

Bench Opinion by Judge Joseph W. Nega

February 3, 2022

Lewis Arnold Rice v. Commissioner

Docket No. 6385-21

THE COURT: The Court has decided to render the following as its oral findings of fact and opinion in this case. This bench opinion is made pursuant to the authority granted by section 7459(b) of the Internal Revenue Code and Tax Court Rule 152; and it shall not be relied upon as precedent in any other case. Rule references in this opinion are to the Tax Court Rules of Practice and Procedure, and section references are to the Internal Revenue Code, as amended and in effect at all relevant times.

By a Notice of Deficiency dated November 16, 2020, in which respondent determined a deficiency of $13,583 and a substantial understatement penalty under section 6662(a) in petitioner's Federal income tax for the 2017 taxable year. After concession of the penalty issue at trial by respondent, the issue for decision is whether petitioner is subject to tax as determined in the Notice of Deficiency.

This case was remotely tried on January 31, 2022. Gene M. Bowman appeared on behalf of petitioner. Zachary T. King appeared on behalf of respondent.



FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The first stipulation of facts and exhibits attached thereto, and the admitted exhibits are incorporated herein by this reference. Petitioner resided in Alabama at the time he filed his petition in this case.

Petitioner is a graduate of the United States Military Academy at West Point and served in the United States Army for 26 years. As part of that service, petitioner was deployed to South Vietnam in 1968 through 1969. Petitioner achieved numerous honors and commendations during his military career and achieved the rank of colonel. In April 1989, an Army Medical Evaluation Board (MEB) evaluated petitioner and recommended that he be found physically unfit for worldwide deployment. The MEB referred petitioner's case to an Army Physical Evaluation Board (PEB). To date, petitioner has not received a disability rating from an Army PEB. On July 31, 1989, petitioner received an honorable discharge and retired from the Army based on his length of service in excess of twenty years, pursuant to 10 U.S.C. § 3911.

Subsequent to his retirement, in October 1989, petitioner filed a claim for disability compensation with the Veterans' Administration (VA). On October 3, 1989,

the VA approved petitioner's claim for disability compensation. Based on that claim, petitioner received $1,481.48 per month in nontaxable disability compensation from the VA during tax year 2017. The tax treatment of petitioner's VA disability compensation is not at issue in this case.

During tax year 2017, petitioner also received $48,501 in military retirement payments from the Department of Defense, with Federal income tax withholding amount of $3,222. The military retirement payments were calculated based upon petitioner's age and length of service at the time of his retirement from the Army. On his 2017 tax return, petitioner did not report the $48,501 as gross income. On November 16, 2020, respondent issued to petitioner a Notice of Deficiency in which respondent determined a deficiency of $13,483 for the taxable year 2017. The Notice of Deficiency indicated that the tax deficiency was a result of respondent's determination that petitioner had unreported military retirement income and a substantial understatement penalty of $2,717 under section 6662(a). On February 19, 2021, petitioner timely filed a petition for redetermination of the 2017 deficiency with this Court.

OPINION

In general, the Commissioner's determinations in



a notice of deficiency are presumed correct, and petitioner bears the burden of proving them erroneous by a preponderance of the evidence. Rule 142(a)(1); *Welch v. Helvering*, 290 U.S. 111, 115 (1933); *Greenberg v. Commissioner*, 10 F.4th 1136, 1171-1172 (11th Cir. 2021), *aff'g*, T.C. Memo. 2018-74. Section 61(a) provides that gross income means "all income from whatever source derived." Pensions and retirement allowances constitute gross income unless excluded by law. § 61(a)(11); Treas. Reg. § 1.61-11(a). Military retirement pay is pension income within the meaning of section 61(a)(11). *Wheeler v. Commissioner*, 127 T.C. 200, 205 n.11 (2006), *aff'd*, 521 F.3d 1289 (10th Cir. 2008). It is well established that statutory exclusions from income are narrowly construed. *Commissioner v. Schleier*, 515 U.S. 323, 328 (1995). Taxpayers seeking an exclusion from income must demonstrate that they are eligible for the exclusion and "bring themselves within the clear scope of the exclusion." *Dobra v. Commissioner*, 111 T.C. 339, 349 n. 16 (1998).

Section 104(a)(4) provides an exclusion from gross income for "amounts received as a pension, annuity, or similar allowance for personal injuries or sickness resulting from active service in the armed forces of any country." Petitioner thus has the burden of proving that

the retirement payments he received was for a disability or injury resulting from his active service in the military. *See, e.g.*, *Holt v. Commissioner*, T.C. Memo. 1999-348.

Petitioner has stipulated that the retirement payments he received from the Department of Defense were calculated based on his age and length of service at the time of his retirement from the Army. Cf. *Scarce v. Commissioner*, 17 T.C. 830, 833 (1951) ("Retirement pay for length of service is not exempt from taxation."). Nevertheless, petitioner argues that he is entitled to exclude the retirement payments from gross income because he suffered personal injuries or sickness during his military service that resulted in disability, as evidenced by his VA disability determination and MEB report. In his petition, petitioner relies on a trio of 1950s cases: *Prince v. United States*, 127 Ct. Cl. 612 (1954), *McNair v. Commissioner*, 250 F.2d 147 (4th Cir. 1957), *rev'g*, 26 T.C. 1221 (1956), and *Freeman v. United States*, 265 F.2d 66 (9th Cir. 1959).

This Court has previously encountered and rejected arguments like the one petitioner advances. *See Scarce*, 17 T.C. at 833 (concluding that post-retirement medical determination that taxpayer was "not physically qualified for active duty" did not convert length of



service retirement income into excludible payments); *Pangburn v. Commissioner*, 13 T.C. 169, 172 (1949) (finding that taxpayer "chose to retire voluntarily" on basis of length of service and thus could not exclude retirement payments). In *Lambert v. Commissioner*, 49 T.C. 57 (1967), we held that a VA disability determination does not establish that a military retirement pension is received for injuries sustained during active service. Id. at 61; *see also Sidoran v. Commissioner*, 640 F.2d 231, 233 (9th Cir. 1981) ("[D]isability retirement standards differ from the Veterans Administration's service-connected disability compensation criteria * * *."), *aff'g*, T.C. Memo. 1979-56.

The cases cited by petitioner (none of which are controlling precedent in this case) are also distinguishable on their facts. *Prince* involved a service member who would have been entitled to retire due to physical incapacity, but instead retired based on length of service, likely in order to preserve his eligibility to be recalled to active duty during World War II. 127 Ct. Cl. at 614-615. There, the Court of Claims looked to principles of equity and disregarded the form of the taxpayer's retirement in order to deem his pay excludible under the prior version of section 104(a)(4). *Id.* at 617. Similarly, in *McNair*, a service member retired based on

length of service and was then recalled to active duty during World War II, where he incurred a disability. 250 F.2d at 148. The Fourth Circuit opted to interpret the prior version of section 104(a)(4) broadly to include recalled service members returned to retirement by disability, so as to avoid reaching an unjust result. *Id.* at 149-150. Finally, in *Freeman*, the Ninth Circuit concluded that the service member was simply not entitled under the applicable law to a retirement based on length of service, leaving the court to conclude that he was discharged on the basis of physical disability. 265 F.2d at 70.

In each of the three cases, the court found that the taxpayer would have been entitled to a discharge for physical disability when they ultimately retired from active duty, notwithstanding that their retirements had been formally based on length of service. Here, the MEB report was the only evidence that petitioner produced to establish that he would have been entitled to a disability discharge at the time of his retirement. However, a MEB proceeding is the initial stage of the Army's multi-tier evaluation of a service member's eligibility for a disability discharge. *See Joslyn v. United States*, 110 Fed. Cl. 372, 378-380 (2013) (describing Army's process for disability discharge evaluation). If a MEB concludes

that a service member is physically unfit, then the next stage of review occurs in higher-level PEB proceedings. *See Fulbright v. McHugh*, 67 F. Supp. 3d 81, 85-86 (D.D.C. 2014), *aff'd*, 650 F. App'x 3 (D.C. Cir. 2016).  While the MEB report did recommend that petitioner was no longer fit for worldwide deployment, such a recommendation was preliminary and did not entitle petitioner to a disability discharge.  *See id.* at 86 ("Only upon acceptance of a PEB recommendation by the [Army Physical Disability Agency] will a servicemember become eligible to receive disability retirement benefits.").  The record does not reflect that petitioner received a disability rating from a PEB.

Petitioner has failed to carry his burden of establishing that the retirement payments were "for personal injuries or sickness resulting from [his] active service." Accordingly, petitioner is not entitled to an exclusion from gross income under section 104(a)(4).

Accordingly, decision will be entered for respondent.  In reaching our holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, find those arguments moot, irrelevant, or without merit.  This concludes the Court's oral Findings of Fact and Opinion in this case.

(Whereupon, at 11:00 a.m., the above-entitled matter was concluded.)